This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38600**

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.

**RICHARD KELLER,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Jacqueline D. Flores, District Judge**

Hector H. Balderas, Attorney General
Anne Minard, Assistant Attorney General
Santa Fe, NM

for Appellant

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Steven J. Forsberg, Assistant Appellate Defender
Albuquerque, NM

for Appellee

### MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** The State appeals the dismissal of its indictment below. [MIO 2] This Court issued a notice of proposed summary disposition proposing to affirm the district court's dismissal on the basis of entrapment. [CN 3] The State has filed a memorandum in opposition to that proposed disposition in which it continues to assert that the investigatory tactics and methods used in this case were not illegitimate. Having duly considered that memorandum, we remain unpersuaded and affirm.

**{2}** In our notice, we proposed to rely upon the district court's conclusion that the investigation in the case failed the "legitimate purpose" prong of the objective-normative analysis of entrapment. *See State v. Vallejos*, 1997-NMSC-040, ¶ 16, 123 N.M. 739, 945 P.2d 957 (explaining that the objective-normative analysis involves scrutiny of "both the methods and purposes" of investigatory conduct). The State's docketing statement, however, did not address that basis for dismissal. As we explained:

> The only fact summarized in the State's docketing statement dealing in any way with the legitimacy of the investigatory purpose in this case informs us that the State argued below that the [L]egislature has condoned investigations using the methods employed in this case. [DS 6 (citing NMSA 1978[,] § 30-37-3.2(D) (2007))] Establishing that unconscionable methods are not employed, however, does not answer the question of whether police have been guided by illegitimate purposes. *See Vallejos*, 1997-NMSC-040, ¶ 20 (holding that charges should be dismissed upon a finding that police "have used unconscionable methods *or* have advanced illegitimate purposes" (emphasis added)).

[CN 3]

**{3}** In its memorandum in opposition to that notice, the State continues to focus on the fact that the Legislature has condoned the investigative methods used in this case. [*See* MIO 2 (quoting § 30-37-3.2(D))] But the district court did not find entrapment based upon a law enforcement officer posing as an under-aged victim or any other investigative method. As our calendar notice pointed out, the absence of unconscionable methods "does not answer the question of whether police have been guided by illegitimate purposes." [CN 3]

**{4}** Rather than address the district court's finding that the investigation in this case was premised upon an illegitimate purpose, the State's memorandum merely points out that " '[i]llegitimate purpose' is not capable of being defined with great precision" before moving on to a discussion of various improper investigative methods described in *State v. Schaublin*, 2015-NMCA-024, ¶ 23, 344 P.3d 1074. [MIO 5 (quoting *Vallejos*, 1997-NMSC-040, ¶ 19); MIO 6 (quoting *Schaublin*, 2015-NMCA-024, ¶ 23 and *State v. Mendoza*, 2016-NMCA-002, ¶ 17, 363 P.3d 1231)] Although it appears that the examples of improper conduct catalogued in *Schaublin* and *Mendoza* were not employed in this case, that fact has no bearing upon the district court's rationale and ultimately does not address the basis of this Court's proposed summary affirmance.

**{5}** In this case, the district court found that law enforcement, "apparently as a favor" for a federal prosecutor, "obtained surveillance video images, conducted a background check, and prepared a plan specifically to target Defendant." [RP 127] The district court found that at the inception of that plan "there was nothing to indicate that Defendant posed a threat to minors relevant to the charging statute, that he was at risk of violating

the statute, and there was nothing to indicate he had violated the statute in the past."[1] [Id.] The district court also relied upon the investigating agent's own statement that he would not have pursued the investigation if he had known the victim's true age, and ultimately found that "the investigation was not to prevent harm to another, but rather to generate an arrest by creating a crime specifically for Defendant." [RP 128]

**{6}**     The State's memorandum does not address these underlying facts or how they resulted in the district court's ultimate finding that the investigation at issue in this case was motivated by an illegitimate purpose, even if not pursued by way of unconscionable methods. We conclude that the State has not met its burden on appeal of establishing error below. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact" and concluding that the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374; *State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (stating that there is a presumption of correctness in the rulings or decisions of the district court, and the party claiming error bears the burden of showing such error).

**{7}**     Thus, for the reasons stated here and in our notice of proposed summary disposition, we affirm the order of the district court dismissing the indictment in this case.

**{8}     IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**JANE B. YOHALEM, Judge**

---

1The State's memorandum also suggests that it might have been able to raise a dispute regarding Defendant's conduct before being investigated had the district court received evidence at the hearing on the motion to dismiss. [MIO 1-2, 8] We note that the order on appeal recites that the investigating agent had moved out of state, that the parties stipulated to the relevant facts prior to the dismissal hearing, and that the State had no witnesses available at that hearing. [RP 123-24] None of those facts are addressed in the State's memorandum and, to the extent that the State may be attempting to assert evidentiary error, we consider the issue to be undeveloped on appeal. *See State v. Fuentes*, 2010-NMCA-027, ¶ 29, 147 N.M. 761, 228 P.3d 1181 (noting that this Court does "not review unclear or undeveloped arguments [that] require us to guess at what [a] part[y's] arguments might be"); Rule 12-208(D) NMRA (requiring a summary of all material facts).